# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

JOHN OLIVER GIPSON,

    Plaintiff,

vs.

JOHN FAYRAM, STATE OF IOWA,

    Defendants.

No. C11-0071-LRR

INITIAL REVIEW ORDER

This matter is before the court on the plaintiff's application to proceed in forma pauperis (docket no. 1). The plaintiff filed such application on June 30, 2011. Along with his application to proceed in forma pauperis, the plaintiff submitted a complaint under 42 U.S.C. § 1983.

## I. IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915

Based on the plaintiff's application, it appears that the plaintiff does not have sufficient funds to pay the required filing fee. 28 U.S.C. § 1914(a) (requiring $350.00 filing fee).[1] Thus, in forma pauperis status shall be granted to the plaintiff. *See generally* 28 U.S.C. § 1915. The clerk's office shall file the complaint without the prepayment of the filing fee. Although the court deemed it appropriate to grant the plaintiff in forma pauperis status, the plaintiff is required to pay the full $350.00 filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

---

[1] The court notes that the plaintiff states that he has $480.00, but the plaintiff also filed two separate civil actions on June 8, 2011 and June 14, 2011.

money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Here, the plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Based on the plaintiff's statements, the court finds that the initial partial filing fee is $150.00. *Id*. The plaintiff shall submit $150.00 by no later than August 4, 2011. *Id*. If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

In addition to the initial partial filing fee, the plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court. Specifically,

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after the plaintiff pays in full the initial partial filing fee, the remaining installments shall be collected by the institution having custody of the plaintiff. *Id*. The clerk's office shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

## II. STANDARD OF REVIEW

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19

F.3d 1254, 1255 (8th Cir. 1994). In addition, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Accordingly, a court may review the complaint and dismiss sua sponte those claims that fail "'to raise a right to relief above the speculative level. . . .'", *see Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555), or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325. *See, e.g., Denton v. Hernandez*, 504 U.S. at 27 (considering frivolousness); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (concluding that a district court may dismiss an action if an affirmative defense exists).

### III. CLAIMS ASSERTED

Currently confined at the Anamosa State Penitentiary in Anamosa, Iowa, the plaintiff, proceeding pro se, submitted a complaint to redress the alleged deprivation of his constitutional rights. The plaintiff predicates jurisdiction on 28 U.S.C. § 1343. Under 28 U.S.C. § 1391(b), venue appears proper as the defendants are located in this district and the events giving rise to the instant action occurred in this district.

In his complaint, the plaintiff contends that John Fayram is denying him conjugal visits and such denial cause him to experience spiritual, mental and physical problems. He asserts that incarceration without conjugal visits violates the constitutional rights of all

3

men and women. As relief, the plaintiff asks the court to order the State of Iowa to allow all prisoners to have conjugal visits and award $1,000,000 to every prisoner from the date that conjugal visits were disallowed in the Iowa Department of Corrections.

## IV. ANALYSIS

### A. Claims Under 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617, 99 S. Ct. 1905, 60 L. Ed. 2d 508 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4, 100 S. Ct. 2502, 65 L. Ed. 2d 555 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the

4

Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

### B. Plaintiff's Claim

Based on the facts alleged against John Fayram and the State of Iowa, it is clear that the plaintiff does not state a viable claim under 42 U.S.C. § 1983. Prisoners do not have a constitutional right to contact visits or conjugal visits. *See Gerber v. Hickman*, 291 F.3d 617, 621 (9th Cir. 2002); *Hernandez v. Coughlin*, 18 F.3d 133, 137 (2d Cir. 1994); *see also Turner v. Safely*, 482 U.S. 78, 95-96 (1987) (noting that inmate who gets married while in prison can expect to fully consummate his or her marriage when released); *Goodwin v. Turner*, 702 F. Supp. 1452, 1454 (W.D. Mo. 1988) ("Many aspects of marriage . . ., such as cohabitation, sexual intercourse, and the bearing and rearing of children, are superseded by the fact of confinement."), *aff'd on other grounds by*, 908 F.2d 1395 (8th Cir. 1990); *Green v. White*, 525 F. Supp. 81, 82-84, (E.D. Mo. 1981) (rejecting claim that free exercise of religion required conjugal visits), *aff'd*, 693 F.2d 45 (8th Cir. 1982). Accordingly, the plaintiff's action against John Fayram and the State of Iowa shall be dismissed for failing to state a claim upon which relief can be granted. Because the court deems it appropriate to dismiss the complaint pursuant to 28 U.S.C. 1915A(b)(1) and/or 28 U.S.C. § 1915(e)(2)(B), the dismissal of this action shall count against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED**:

(1) The plaintiff's application to proceed in forma pauperis status (docket no. 1) is granted.

(2) The clerk's office is directed to file the complaint without the prepayment of the filing fee.

(3) The plaintiff is directed to submit an initial partial filing fee of $150.00 by no later than August 4, 2011. If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

(4) After the plaintiff pays the initial partial filing fee, the institution having custody of the plaintiff is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, the plaintiff is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

(5) The clerk's office is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

(6) The plaintiff's 42 U.S.C. § 1983 action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

(7) The dismissal of the instant action counts against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**DATED** this 18th day of July, 2011.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

TO: **WARDEN/ADMINISTRATOR**
**Anamosa State Penitentiary in Anamosa, Anamosa, Iowa**

**NOTICE OF COLLECTION OF FILING FEE**

You are hereby given notice that John Oliver Gipson, #0790966, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *John Oliver Gipson v. John Fayram, et al.*, Case No. C11-0071-LRR. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's account information, the court has assessed an initial partial filing fee of $150.00, which the inmate must pay now to the clerk of court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account.

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.



s/ Karen S Yorgensen, Deputy
Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa